UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

BENJAMIN T. WALLIS,                    )
                                       )
            Plaintiff,                 )
                                       )
v.                                     )          No.:   1:17-CV-111-TAV-DCP
                                       )
CORRECTION CORPORATION                 )
OF AMERICA,                            )
CORRECT CARE SOLUTIONS,                )
HAMILTON COUNTY, and                   )
CHRISTOPHER HOWARD,                    )
                                       )
            Defendants.                )

## MEMORANDUM OPINION

Plaintiff, Benjamin T. Wallis, has filed a filed a civil rights complaint pursuant to 42

U.S.C. § 1983 [Doc. 1-1]. Plaintiff's case was originally filed in the Hamilton County Circuit

Court as Civil Action Number 17C401, and was removed to this Court by Defendants on April

24, 2017 [Doc. 1]. Presently before the Court are the motion to dismiss, or in the alternative,

motion for summary judgment filed by Defendant Correct Care Solutions ("CCS") [Doc. 6],

and the motion for summary judgment filed by Defendants Correction Corporation of America

("CCA") and Christopher Howard [Doc. 17]. For the reasons discussed below, Plaintiff's

complaint will be **DISMISSED** *sua sponte*, and the motion to dismiss, or in the alternative,

motion for summary judgment filed by Defendant CCS [Doc. 6], and the motion for summary

judgment filed by Defendants CCA and Howard [Doc. 17] will be **DENIED as moot**.

## I.      BACKGROUND

Plaintiff filed this complaint under 42 U.S.C. § 1983 in the Hamilton County Circuit

Court on March 16, 2017, for alleged violations of his civil rights occurring during his

confinement at the Silverdale Detention Facility ("Silverdale") [Doc. 1-1 p. 2]. Plaintiff claims that the Defendants acted in deliberate indifference under the Eighth Amendment of the United States Constitution, violated the Tennessee Constitution, and that Defendants were negligent to his health and safety [*Id.* at 2–15]. Initially, Plaintiff claims that on March 30, 2016, he was attacked by several gang members after arriving at Silverdale [*Id.* at 2]. Plaintiff alleges that he informed "Mr. Moon and Mrs. Allen" that he was in need of medical attention, but that they failed to provide him with medical care [*Id.*]. Further, Plaintiff claims that from March 31 to April 1, 2016, he continued to suffer extreme pain, and repeatedly became unconscious from his injuries [*Id.*]. However, Plaintiff alleges that he was unable to receive medical care because Defendant CCA failed to "hire enough staff to properly run the facility" [*Id.*]. Plaintiff claims that he repeatedly informed CCA and CCS officials of his injuries, but failed to receive medical care [*Id.* at 3].

Additionally, on April 2, 2016, Plaintiff claims that he lost consciousness and fell down a flight of stairs, suffering severe injuries [*Id.* at 4]. After his fall, Plaintiff alleges that he was assaulted by medical officials who neglected his health and safety [*Id.* at 5]. Ultimately, Plaintiff claims that he was paralyzed from the neck down for several days due to the failure of CCA and CCS staff to provide proper medical care [*Id.*]. Further, Plaintiff claims that CCA and CCS officials assaulted him when they transported him to Erlanger Medical Center for further treatment when security and medical officials threw Plaintiff out of his medically necessary wheelchair [*Id.* at 8].

Plaintiff claims that Defendants failed to properly train or supervise security and medical personnel, which resulted in Plaintiff's injuries [*Id.* at 10–14]. Additionally, Plaintiff

claims that Defendants were responsible for the inhumane conditions in which he was incarcerated, as several employees threatened and assaulted Plaintiff [*Id.*]. Lastly, Plaintiff alleges that Defendants acted in deliberate indifference to his health and safety because they knew that he was receiving improper medical care [*Id.*].

## II.    ANALYSIS

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and *sua sponte* dismiss those that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune.  *See Benson v. O'Brian*, 179 F.3d 1014, 1015–16 (6th Cir. 1999) ("Congress directed the federal courts to review or 'screen' certain complaints *sua sponte* and to dismiss those that failed to state a claim upon which relief could be granted [or] . . . sought monetary relief from a defendant immune from such relief.").  The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)."  *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010).

Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).  However, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true."  *Tackett v. M&G Polymers,* 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin,* 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must establish that they were deprived of a federal right by a person acting under color of state law. *Black v. Barberton Citizens Hospital*, 134 F.3d 1265, 1267 (6th Cir. 1998); *O'Brien v. City of Grand Rapids*, 23 F.3d 990, 995 (6th Cir. 1994); *Russo v. City of Cincinnati*, 953 F.2d 1036, 1042 (6th Cir. 1992); *see also Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) ("Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere."). In other words, Plaintiff must plead facts sufficient to show: (1) the deprivation of a right, privilege, or immunity secured to her by the United States Constitution or other federal law; and (2) that the individual responsible for such deprivation was acting under color of state law. *Gregory v. Shelby Cty.*, 220 F.3d 433, 441 (6th Cir. 2000).

However, Plaintiff previously filed a civil rights complaint in this Court raising essentially the same claims raised in this case, concerning conduct occurring over the same period of time, and brought against the same Defendants in the current case. *See Wallis v. Correction Corp. of America, et. al*, No. 1:17-cv-61. That matter remains pending before the Court.

"As between federal district courts, . . . though no precise rule has evolved, the general principle is to avoid duplicative litigation." *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). "Generally, a suit is duplicative if the claims, parties, and available relief do not significantly differ between the two actions." *Serlin v. Aruthus Anderson & Co.*, 3 F.3d 221, 223 (7th Cir. 1993). Faced with a duplicative suit, such as this one, a federal court may exercise its discretion to stay or dismiss the suit before it, allow both

4

federal cases to proceed, or enjoin the parties from proceeding in the other suit. *See Smith v. SEC*, 129 F.3d 356, 361 (6th Cir. 1997).

> With respect to duplicative suits, the Sixth Circuit has stated
>
> "[S]imple dismissal of the second suit is [a] common disposition because plaintiffs have no right to maintain two actions on the same subject in the same court, against the same defendant at the same time." *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138–39 (2d Cir. 2000); *see also Missouri v. Prudential Health Care Plan, Inc.*, 259 F.3d 949, 953–54 (8th Cir. 2001) (joining other courts that have held a district court may dismiss one of two identical pending actions).

*Twaddle v. Diem*, 200 F. App'x 435, 438 (6th Cir. 2006) (alterations in original). "A complaint is malicious when it 'duplicates allegations of another [ ]federal lawsuit by the same plaintiff.'" *Skudnov v. U.S. Dep't of HUD*, No. 3:15-CV-100-JHM, 2015 WL 3892422, at *3 (W.D. Ky. June 24, 2015) (quoting *Daley v. U.S. Dist. Court Dist. of Del.*, 629 F. Supp. 2d 357, 359–60 (D. Del. 2009)); *see, e.g.*, *Harris v. TDOC Comm'r*, No. 3:16-cv-615, 2016 WL 6464480, at *2 (E.D. Tenn Nov. 1, 2016) (dismissing duplicative § 1983 complaint as malicious). Accordingly, this Court will exercise its discretion to **DISMISS** this duplicative § 1983 complaint as malicious. *See Slack v. McDaniel*, 529 U.S. 473, 478 (2000) ("Federal courts do, however, retain broad powers to prevent duplicative or unnecessary litigation.").

## III.    CONCLUSION

Although this Court is mindful that a pro se complaint is to be liberally construed, *Haines v Kerner*, 404 U.S. 519, 510–21 (1972), it is quite clear that Plaintiff's complaint is duplicative of another pending case before this Court, and thus the Court finds his claims to be malicious under 28 U.S.C. §§ § 1915(e)(2)(B) and 1915A. Therefore, Plaintiff's complaint and the present action will be **DISMISSED** *sua sponte*. Accordingly, the motion to dismiss, or in the alternative, motion for summary judgment filed by Defendant CCS [Doc. 6], and the

5

motion for summary judgment filed by Defendants CCA and Howard [Doc. 17] will be

**DENIED as moot**.[1]

Finally, the Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Fed. R. App. P. 24.

AN APPROPRIATE ORDER WILL ENTER.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] Although the Court has denied Defendants' respective motions, the Court notes that Plaintiff's complaint in *Wallis v. Correction Corp. of America, et. al*, No. 1:17-cv-61, is substantively identical to the present action.